IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                              No.  04-40069-01-SAC

JOHN PATRICK HARGIS,

          Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's pro se motion asking this court to modify his sentence so that it would run concurrently with a state sentence imposed later. (Dk. 17). Without jurisdiction to entertain the defendant's motion, the court denies the same for the reasons explained below.

After the defendant's entry of a guilty plea to the offenses charged in count one, a felon in possession of a firearm, and in count two, a false statement in the acquisition of a firearm, the court sentenced the defendant to forty-six months of imprisonment on each count with the sentence on count two to run concurrently with count one. The judgment in the criminal case was entered on November 22, 2004, and defendant did not file a notice of appeal and did not pursue any post-conviction relief until

almost three years later when he filed this motion now pending.

The defendant asks the court to modify his sentence so that it runs concurrently with the state sentence subsequently imposed in December of 2004. The defendant cites no legal authority for this court having jurisdiction to modify his sentence. For that matter, the defendant makes his request without offering any arguments or reasons in support.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.), *cert. denied*, 522 U.S. 961 (1997). The Tenth Circuit has consistently recognized that "a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir.1996). Section 3582(c) of Title 18 "provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'" *United States V. Blackwell*, 81 F.3d at 947 (quoting 18 U.S.C. § 3582(c)). Those three narrow avenues are:

> First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by

statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir.1997). If the defendant does not seek resentencing or a modified sentence under one of these three limited avenues in § 3582(c), the court is without jurisdiction to consider the defendant's request. *Id.* Because the defendant Hargis does not pursue relief under these recognized avenues,[1] the court is without jurisdiction to consider his motion.

Statutory authority for bringing the defendant's request also exists in the form of a motion to vacate, correct or set aside a sentence under 28 U.S.C. § 2255. The defendant, however, does not characterize his motion as seeking § 2255 relief, and the court does not construe the motion to seek such relief. Assuming the defendant had filed such a motion, he would not be entitled to any relief under that statute, for as the government correctly observes, the limitation period for filing such a motion

---

[1] Moreover, the situations described in § 3582(c) are inapplicable here. The Director of the Bureau of Prisons has filed no motion to trigger subsection (c)(1)(A). The relevant guideline sentencing range was not lowered for purposes of subsection (c)(2). Finally, neither of the two specified grounds for a Rule 35 reduction is applicable on the facts of the case.

expired almost two years before the defendant filed this motion.

IT IS THEREFORE ORDERED that the defendant's motion to modify sentence (Dk. 17) is denied for lack of jurisdiction.

Dated this 22nd day of February, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge